Good morning, Your Honor. You're going to tell us again what your name is? Allow me to introduce myself. Scott Hubbard I'd like to introduce also with me is Anthony Betancourt. He's going to discuss the brief. He did the briefing in this case. I'm here to discuss the court issued an order to discuss at oral arguments the issues raised in our brief as well as the issues whether the district court abused its discretion in failing to analyze the consequences of dismissal on an appellant's ability to meet the statute of limitations when refiling her claims or alternatively in failing to sever any misjoined claims rather than dismissing them. That is what I'm here to discuss. And to answer that question, yes, it appears that the district court did abuse its discretion. There is a line of cases in just about every circuit in the nation except for the Ninth Circuit where this issue has never come up where it's a pure error of law for a district court to dismiss a case or dismiss a misjoined defendant without considering the statute of limitations. For no other reason than statute of limitations is told when a case is filed. If a defendant is dismissed for misjoinder, then that tolling never occurred. And so if it happens after the two-year period, then in a case of an ADA lawsuit... You didn't pay the filing fee. You would have to pay the filing fee if there was a misjoinder. You would have had to pay the filing fee in each case. If there was... Yes, if we would have to refile it, but the bigger problem is... Oh, no, not refile it. The original filing, you would have had to pay the filing fee. I'm sorry, I don't understand the court's question. If there was a misjoinder, there should have been three separate suits. There should have been, and yes. So it's not refiling, so originally you should have paid. Yes, and that's not, you know, the filing fee is the cost of doing business. That's not the big issue for us. It used to be. I'm not sure it is anymore. For us, it's because in the Ninth Circuit we're not required to plead dates of incidents with the statute of limitations... Excuse me, because in the Ninth Circuit we're not allowed, we're not required to plead dates of incidents in the complaint. There we go. The district judge who dismisses misjoined parties after the complaint is filed has no way of knowing whether or not the statute of limitations is going to be expired. So in these other circuits, the courts have said that severing them is the better course of conduct, or at least having a hearing to find out. So with that, if the panel doesn't have any questions... Have limitations run? That's not part of this record, and I don't know either way. So seven minutes I'd like to let... Let me... Is there any room for the court to rule that there should have been... The severance and dismissal was all right, but limitations was told during the pendency of the actions? No, because one... Oh, the equitable tolling. There are cases when a court has dismissed, and this was a Colorado case that escapes my name, or escapes me right now, where a prisoner filed a case, the court dismissed it for misjoinder, the defendants, the statute of limitations had expired, and the court, he took it up on appeal because it was a new issue, and they said for that prisoner it's an equitable tolling for the time it was on appeal. Did that turn on his process status, or... That I don't remember. My apologies on that one, Your Honor. So I was planning on doing a 28-J letter including the authority I filed, but I was too tired last night to do it. So with that, Mr. Betancourt. Good morning, Your Honors, and may it please the court. My name is Anthony Betancourt, and I also represent Appellant Sandy Rush. The district court made an incorrect conclusion of law, which should be reviewed de novo when it found that defendants were misjoined, and it did so for two reasons. One, Defendant Foothill Ranch is a necessary party to this action, and two, Rush's rights to relief against Foothill Ranch are jointly alleged against Petsmart and Sports Chalet. Turning now to my first argument. The ADA speaks in terms of public accommodations. The Department of Justice defines a public accommodation as a facility operated by a private entity whose operation affects commerce and falls within several enumerated categories, one of which is retail. A facility, in turn, is also defined by the DOJ as any portions of buildings, structures, sites, complexes, and it continues to say, including the site where the building, property, structure, or equipment is located. Here, Sandy Rush sued Foothill Ranch, the landowner, for violations which appeared on one site, the Foothill Town Center. Foothill Ranch also leased out the property to at least three individuals, or entities, Babies R Us, Petsmart, and Sports Chalet. What property did they lease? They leased the buildings. There were three adjacent suites on one... Did they lease the parking lot? It's unclear as to the record before this court. However, looking at the property maps, it appears that they did not lease the parking lot, and it is important to note that there are no parking lot barriers alleged in this case. This case really raises the issue of multi-tenant facilities, and we start with the premise that Foothill Ranch is in itself a public accommodation, and therefore has an obligation to comply with the ADA. This court held in Doran v. 711 that an individual has standing against all barriers within one public accommodation, whether those barriers are encountered or not. Here, that one public accommodation is the land, the site, that Foothill Ranch owns. Because it is rented out, certain sections to tenants should not protect those tenants from joinder here. Sandy's right to relief necessarily depends on including that. I'm just curious. Are the barriers in the different tenant suites alleged to be the same? I just don't know. They're alleged to be similar barriers. All barriers, 22 in total, relate to the bathroom areas of these three suites. Additionally, one of the suites, which I believe was Sports Chalet, had some additional barriers outside of the restroom. They all reach similar questions of law because they're similar sections of the ADAG. However, this district court found this joinder without reaching the second prong of Rule 20A2, instead it hit the first prong and found that there was no transactional relatedness between the defendants. That simply is an incorrect conclusion of law. This court held in Boddison v. Paul McNulty Realty that both a landlord and a tenant are necessary parties to an ADA action. How do you find transaction? Just the fact that there's a necessary party to both claims? Well, Your Honor... All three claims? Here a transaction would be one visit by Sandy Rush. However, the court need not find related... A visit to the store or to the mall? It would be to the one facility, which is the Sports Chalet land, which has several subsections. It does not... The court, in finding that the defendants were misjoined, is actually sidestepping Ninth Circuit precedent, specifically Doran and Chapman v. Pier 1. In those cases, Rule was standing. The real issue here should be whether or not a plaintiff has standing to reach the barriers in the other... in the suites, in the three suites. Here she does, as the records show. But the suites were not misjoined in the first place. Again, as I mentioned earlier, this court held in Boddison v. Paul McNulty Realty that the leasee and the leasor are necessary parties. Here, the district court dismissed the leasor. It found that the landowner was not a necessary party to the first tenant, which happened to be Babies R.S., which was dismissed earlier because settlement was reached with them. That in itself is an incorrect conclusion of law based off of this court's finding in Boddison v. Paul McNulty Realty. However, misjoiners should not be used to blunt the enforcement mechanism of the ADA when it comes to the extent of standing. And this court actually confirmed Doran in Bonk, in Chapman v. Pier 1, when it found that a disabled person has standing to challenge ADA barriers that relate to their disability so long as they're in the same public accommodation. I see that my time is short. I will open it up to any questions. Otherwise, I'll submit on that. That probably isn't answered by Ninth Circuit practice and policy. Why aren't the two dismissed defendants here? I'm not sure, Your Honor. Could they be here? I believe, and I'm out of time. If I might answer it, Your Honor. Thanks to the electronic filing, they were noticed of all of this, and everyone had a chance to appear and say something. Thank you. Well, I guess that's it. It's been a pleasure, Your Honors. Next time. That's it for you this week, I hope. I still have two more next week in San Francisco, and then an ERISA case after a 15-day jury trial with Judge Shub in the first week of March. So I'm spending a lot of time at 7th and Mission in Pasadena. All right, well, good to see you, Mr. Smith. Mr. Smith. All right, I got it.
judges: Motz, Reinhardt, Gould